May it please the court. My name is Mark Marin. I represent Plaintiff Mayco Rodriguez and this case epitomizes a problem we're increasingly seeing in defense of police misconduct cases or in the not defensive but in the litigation of police misconduct cases and that is the discovery exchanges in this case there were well that may be true but what it what what's on appeal there the only thing that's on appeal is whether or not the judge kept the protective order in place isn't that the only thing we're looking at I think we would drill down a little bit on that and say that the wrong standard and did not even look at the particularized harm didn't follow in Ray Roman Catholic Archbishop case and look at the proper procedure for evaluating whether documents were properly subject to a protective order didn't get but if what what what's your relief what would you have us use the course of power of the courts to do here what what's your relief to remand the the matter back to the lower court to have them actually do the proper balancing to actually apply this court standard to determine whether the documents which are still labeled confidential are properly covered by a you want you know fewer redactions is that what we're taught I'm not quite sure I understand what's at stake here materially well we originally got and that's the problem we got a stack of documents that are all stamped confidential which cannot be disclosed outside of this litigation which presumably means can't be disclosed at all and the only relief we got from that was that fortunately the B intervened and the court below magistrate judge Brennan understood then that he had an obligation to look at the proper balancing and apply the test that this court has imposed to determine whether any of those documents were properly covered by a protective order but the parties because he recognized that met and conferred and decided that a large part of them a large number of them most of them in fact we're not properly classified as confidential and they were in fact released with only some redactions but that that stipulation between the P and the county of Sacramento did not cover all the documents so we still have documents that how many documents are we talking about what's left in this what's the excluding redactions we're probably looking at about 50 to 100 documents so you're saying there's still documents subject to the protective order not revealed or disclosed to the Sacramento B and even a redaction decision hasn't been made as to those documents that's correct okay are you asking for actions on the ones that the B did get we yes we would we would want the redactions we would want to review the redactions to determine whether they are in fact proper whether they retain you I thought you have the original documents you know what's been redacted and what the B got don't you well it's not that easy your honor and we could do that we do a search and compare perhaps for the for the documents but we were we we were not part of the the whole interplay between the B and the county to determine what was properly redacted so we would have to make that independent determination and and decide which of those documents which of those redactions we would like removed we could do that we haven't done that yet because the question is a bigger question whether we're even going to get to do that and that's why we're asking this court to remand the the the matter to the magistrate judge so that we can go through the process that should have been gone through in the first place admittedly subject to documents it didn't the didn't the magistrate judge make suggestions to you as to how you might proceed to take a look at the whether or not the documents should be redacted or not no in fact what the magistrate judge did was almost shied us for even wanting after the litigation was concluded to make these documents public he he said that we we hadn't shown a continuing interest in the documents evidencing a lack of grasp of the public's interest in recent receiving and reviewing these documents what the magistrate judge did below was just continue the protective order and did you make another application to the magistrate asking the magistrate to reconsider no your honor at that point the B intervened and the focus shifted to actually looking at the standards that should properly be applied in determining whether a protective order was proper or not and the parties those parties then negotiated the release of the the reclassification of documents to remove confidential designation in a in of the documents leaving leaving some which they didn't care about but which we as Mako Rodriguez this council still do care about and leaving us with with documents that are redacted so we can't release our confidential documents because we understand that but but you would have thought that following the B coming in that the that would have suggested to you that the magistrate was willing to release these documents at least to the public and maybe you should make an application to the magistrate yeah well that's that could have been an alternative I imagine your honor okay so all you're asking us to do is remand this matter to the that's correct so I understand it you were not somehow you were not a party to the bees motion to obtain the documents that's that's correct your honor they intervened and they appeared in front of the magistrate who indicated that he had read in Ray Roman Catholic Archdiocese recognized that there was a standard that he had to apply that was a good cause standard and he was going to have to go through some substantial work and recommended to the parties those parties to be and and the county that they spend time going through these documents to to see if they could agree on which documents were not in fact properly covered by a protective order subject to a protective order and they did so and without our participation although I had requested I had requested the right to be present during their their interaction and that was denied all right why don't we hear from mr. McDermott we will reserve the rest of your time you're missing you didn't okay now you're not good afternoon your honors may it please the court my name is Amanda McDermott I represent the county of Sacramento in this matter I must admit I'm a little taken off guard by the argument just made by counsel because it's a little different than what's presented in the briefs the reason why there are additional documents that were not subject to the amendment done after the Sacramento be intervened is because the plaintiff mr. Roderick or Rodriguez now did not challenge those documents or withdrew his challenge to the confidentiality of those documents so they weren't subject to the original dispute with the magistrate judge so any challenge there has been waived because it's clearly not prompt at this point and the stipulated protective order says while you can challenge at any time there's been no formal challenge to those additional documents and it clearly would be has the point I mean it would be beyond the exception there because at this point there's clearly unnecessary cost and unfairness to the other side so those additional documents that were not subject to the later proceedings with the B shouldn't be at issue here because they have not been properly challenged now additionally mr. Marin states that he and his client weren't part or his client wasn't party to the motion filed by the B that's not correct they joined in that motion and requested to lift modify or vacate the protective order the meet-and-confer that was done at the suggestion of the magistrate did occur between the B and the county but when we filed the the amendment the proposed amendment there was no objection asserted by the plaintiff who is still a party to the case and was joined in that motion and they've been provided the documents which have had the confidential designation removed with very minimal redactions redactions that are required by the law so they're really not beyond the scope of what would what the county would have to redact do they still have the original documents I mean did they comply or have they been made to comply with the protective orders original requirement that they return the documents and certify that they've done so no they have not your honor they the documents that were never challenged or that the challenge was withdrawn I should say they never complied and did not return those documents and then since they filed this appeal as to the documents that had been challenged we have not pursued that issue but no they have the originals have never been returned but the new documents without the designation and with the redactions have been provided to the plaintiff so he's had those for at least a year this way and then not discussed earlier but as I was initially planning on discussing is more of a jurisdictional aspect to this case which is that we don't have a final order by the magistrate judge I'm not aware of authority that would have given the magistrate the ability to issue a order made to the district court so the plaintiffs have waived their ability to assign error here and appeal it to this court and it shouldn't apply or shouldn't be considered a collateral order doctrine for the same reason or fall under the collateral order doctrine for the same reason and even if you get past all of those points there's a huge mootness factor in that like we've been talking about these documents the designation has been removed there's very limited redactions their redactions required by state law they've been provided to the plaintiff he's had them I believe the bee has used them publicly I'm not sure what the issue remains or what relief can be given at this point and it doesn't seem to be an issue that would come up again because it's very specific to the protective order entered in this case for these parties for these specific documents there's no legal issues still to be determined and it's very difficult to start making any kind of good cause analysis at this point as we got past that point we litigated it again and there were reasons and the county ultimately decided not to pursue the good cause issue so I unless there are questions on that point from your honor I don't really want to waste the time getting into that since those designations have been removed are you are you going to are you going to is a that's just we should disregard that issue I can't speak definitively at this point but as to the documents that aren't challenged and remain confidential and subject to that protective order and the clause that requires them to be returned or destroyed I imagine that would be the next step in due course I would just like to really emphasize it seems like we're talking now in this case although that's not spelled out in the briefing so it's a little surprising today about documents that were not the subject of the later motion by the bee along with the plaintiff and those documents she's probably right there probably about a hundred or so of those documents were not at issue in front of the magistrate because the challenge there was withdrawn all right thank you counsel mr. Merrin I'm unmuted now yes thank you I I think mr. McDermott is correct that there are a sheaf of documents which remain subject to a protective order there are the balance of the documents that even were declassified essentially which are still redacted in part and it's it's an unmanageable situation for us it's counsel right in contending that you withdrew the challenge to the designation of the remaining set of documents that are not the subject of the bee production not correct your honor we withdrew some uh once we understood what the documents were which took a while even to to get that information we recognized that they were properly classified or properly confidential and we did not proceed on that basis but we were not party to what the bee and the uh and the county agreed to so we don't actually know except by going through every document know precisely which of the documents that we that they that we didn't agree uh were not confidential are still confidential in other words still classified because they weren't addressed by the the uh uh meet and confer between the bee and the county and uh uh we were not party to it so there's some documents out there now uh I I think that's getting into the weeds a little bit because the main thing is that we should be back in front of the magistrate where we can iron this out it's not something that we should be doing before the court of appeal and frankly I hadn't uh brought those documents here and was going to specifically identify them but I do want to if if the court is interested in this I would like to address the the the posture of why this case is in front of you uh and I I disagree that uh there's really a uh jurisdictional issue here uh 72a as we read it federal rule of civil procedure uh talks about pre-trial issues this is a post-trial issue this was yeah so I guess the question for me is what what relief can we give you here well the relief that we're requesting is that we return to the magistrate and he'd be directed to apply the proper standard in reviewing the remaining documents which were not subject to the stipulated protective order reached between the b and uh and the county and then he reviewed those redactions which we believe are not uh proper uh to protect and necessary to protect against embarrassment uh whatever as provided by rule 26c for that relief is that the magistrate judge erred in as a matter of law and not um weighing whether or not the document should be remain confidential under the proper standards that's exactly correct you because I agree with you um as a court of appeals we don't usually find ourselves in uh discovery disputes well I would submit it at this point unless there are other questions um I did judging judge Collins do you have any more questions I just a housekeeping matter you referred to your client as Rodriguez is the name been misspelled in the caption all along it's Rodriguez your honor I didn't refer to it oh I thought okay I misheard that yeah I thought I heard you say Rodriguez well then I misspoke okay it's Rodriguez so it's correct okay great Rodriguez versus county of Sacramento will be submitted and this session of the court is adjourned for today thank you very much counsel thank you thank you
judges: Wardlaw, Eaton, Collins